IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHRISTOPHER CROSS                                                                             PLAINTIFF

vs.                                         Case No. 3:19-CV-00007-DPM

UNITED PARCEL SERVICE, INC.                                                         DEFENDANT

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff and Defendant (the "Parties") through their attorneys have represented to the Court and the Court finds that:

A. The parties are engaged in discovery in this action. The Parties are or may in the future be producing and disclosing documents, data, and other materials and information, answering interrogatories and requests for admission, and taking testimony by oral deposition from each other and from third persons.

B. Some information to be produced by the Parties will contain confidential information within the scope and meaning of Fed. R. Civ. P. 26(c)(1)(G);

C. The need for prompt and orderly discovery in this proceeding may make it impossible or impracticable for the Parties to ensure that their rights under Fed. R. Civ. P. 26(c)(1)(G) are fully protected at the time that discovery material is produced or disclosed absent an Order from the Court to protect the confidentiality of the materials and information likely to be produced in this action.

In support of this Order, the Court finds:

1. **Discovery Material.** "Discovery Material," as used in this Order shall refer to:

    (a) All deposition or transcribed hearing testimony of the Parties; however, the designation of deposition testimony as confidential shall be limited to areas that specifically quote or discuss areas of confidential testimony or that include the marking of exhibits that are confidential;

(b) All documents and other discovery materials produced by either party (i) in response to any discovery request or initial disclosure requirement, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement of the Parties;

(c) All deposition or transcribed hearing testimony of persons or entities not a party to the action ("Non-Parties"); and

(d) All documents or other information submitted or produced by any Non-Party (i) in response to any subpoena issued in connection with or arising from this action, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement with the Parties, or with either party.

2. **Scope.** All Discovery Material disclosed by the Parties and by any Non-Parties shall be handled by the Parties in accordance with this Order. This Order does not affect the rights of the party producing or disclosing Discovery Material to use any Discovery Materials it has produced or disclosed.

3. **Confidentiality Designation.** Any party producing Discovery Material may designate it with the legend "CONFIDENTIAL– SUBJECT TO CONFIDENTIALITY ORDER." This designation may also be made in the course of depositions or hearings. All "CONFIDENTIAL– SUBJECT TO CONFIDENTIALITY ORDER" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal, or financial information; or (b) information subject to a legally protected right of privacy, including medical information.

4. **Maintenance of Confidential Information.** The Discovery Materials that a party designates as confidential pursuant to this Order must be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order, may be used only for purposes of the prosecution or defense of this action, may not be used for any business or commercial purpose, and may not be disclosed to any person not authorized to receive it, as

provided in this Order. Confidential Discovery Materials must be carefully maintained in secure facilities and access permitted only to persons properly having access to it under the terms of this Order.

5. **Manner of Designation.**

a. The designation of Discovery Materials shall be made by written notice in the documents or materials by affixing to it the words "CONFIDENTIAL–SUBJECT TO CONFIDENTIALITY ORDER" on all pages or any part of the document or thing. In the event the phrase "CONFIDENTIAL– SUBJECT TO CONFIDENTIALITY ORDER" cannot be affixed to Discovery Materials, the producing party shall clearly describe the "CONFIDENTIAL– SUBJECT TO CONFIDENTIALITY ORDER" portion of said Discovery Materials in writing to the other party.

b. The inadvertent failure to designate Discovery Materials as confidential under this Order will not be deemed to waive a later claim as to its confidential nature or to stop the producing party from designating the information as confidential at a later date. The materials may be so designated later if the producing party failed to make the designation at the time of production through inadvertence or error. If, prior to the late designation, the Discovery Materials have been disclosed inconsistent with the terms of this Order, the party who disclosed the Discovery Materials must take reasonable steps to retrieve the information and advise the persons to whom the information has been disclosed that the information is confidential and subject to this Order.

c. Unless otherwise designated at a deposition or hearing, all deposition and hearing transcripts in this action shall be treated by the Parties as provisionally protected as confidential under this Order for a period of 14 days following receipt of the transcripts. Within the 14-day period, either party may designate particular portions of a transcript as confidential under the Order

by giving written notice to the other party to the action. At the conclusion of the 14-day period, any testimony not designated as confidential shall lose its confidentiality designation. The Parties may agree to a reasonable extension of the 14-day period for designation.

6. **Use of and Access to Confidential Information.** Except as set forth in this Order or in any subsequent Order, or by express written consent of counsel of record, no documents, things, or information designated as confidential under this Order shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(a) Plaintiff;

(b) The corporate Defendant (limited to current or former employees, officers, or directors who have a need to review the information in connection with the defense of the case as determined by counsel of record for Defendant);

(c) The Court or any Court personnel;

(d) Counsel of record for either party in the case and other attorneys, paralegals, assistants, or clerical staff working with those attorneys on the case;

(e) A person identified from the four corners of the information, document, or thing itself as having authored or previously received the information, document, or thing;

(f) Witnesses who are identified by name in a party's initial disclosures or supplemental initial disclosures as an individual that the disclosing party may use to support its claims or defenses in this action, but only if they have been informed of this Order and have signed the attached ACKNOWLEDGMENT;

(g) Individuals who are being deposed in this action, but only at their deposition and only if they have been informed of this Order and have signed the attached ACKNOWLEDGMENT;

(h) Designated experts and/or consultants (including their employees, associates, or other support staff) retained by a party or a party's counsel for consultation or testimony in this action to the extent reasonably necessary for the prosecution or defense of this action, but only if: (i) they are not current or former employees of the corporate Defendant; (ii) they are not employed by any competitor of the corporate Defendant; (iii) they do not have a financial interest in any competitor of the corporate Defendant; and

        (iv) they have been informed of this Order and have signed the attached ACKNOWLEDGMENT;

(i)     Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, videographer services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided that the person has been informed of this Order and has signed the attached ACKNOWLEDGMENT; and

(j)     Other persons who may be specifically designated pursuant to an order of the Court or if the counsel for the party who designated the Discovery Materials as confidential consents in writing to the disclosure.

7.     **Filing Procedure.** Information designated as "Confidential" must not be filed on the public docket. If practicable, it should be redacted. Fed. R. Civ. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

8.     **Challenging Confidential Designation.** A party may oppose the designation of protected material at any time before trial. The party opposed to the designation shall notify the designating party or producing party in writing of the disagreement and attempt to resolve the matter. If the matter cannot be resolved, the opposing party shall follow the procedures in the Amended Final Scheduling Order for a Discovery Dispute to challenge the designation, found at pages 2-3 of the Final Scheduling Order (Doc. 14). Until the matter is resolved by the Court, all documents and materials for which a confidential designation is being challenged shall be treated as confidential under the terms of this Order. Upon request, the Court may at any time examine and review *in camera* any document governed by the terms of this Order. The Parties shall take all reasonable efforts to resolve any disputes.

9. **Inadvertent Production of Privileged Documents.** This provision is made pursuant to the terms of Rule 502(b), (d), and (e) of the Federal Rules of Evidence and is intended to protect attorney-client privileged or work-product protected documents in the event they are inadvertently produced. The inadvertent production of any attorney-client privileged or work-product protected documents ("Privileged Information") will constitute neither a waiver of any claim of privilege or protection that otherwise applies nor a general waiver of the claim of privilege or protection. Pursuant to Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the receiving party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the producing party upon request. If the receiving party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the producing party and sequester the information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this provision shall not constitute a waiver of any claim of privilege or protection or other ground for withholding production as to which the producing party would otherwise be entitled. This provision is designed to foreclose any arguments that by making the production, the production of Discovery Materials subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

   (a) was not inadvertent by the producing party;
   (b) that the producing party did not take reasonable steps to prevent the disclosure of privileged Documents;
   (c) that the producing party did not take reasonable or timely steps to rectify the disclosure; and/or
   (d) that the disclosure acts as a waiver of applicable privileges or protections associated with the Discovery Materials.

This provision shall be interpreted to provide the maximum protection allowed by Rule 502 of the Federal Rules of Evidence and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

      10.    **Limitations to Application.** The restrictions in this Order with respect to information, documents, or things designated as confidential shall not apply to:

      (a)    any information, document, or thing which at the time of disclosure to a receiving party is in the public domain;

      (b)    any information, document, or thing which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; or

      (c)    any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

Further, nothing in this Order in any way affects the admissibility of any document, testimony, or other evidence or a party's right to object to the admissibility of any evidence in this case. Nothing in this Order will be construed to preclude the Parties from raising valid objections, other than confidentiality, with respect to production and/or disclosure of any Discovery Material. The provisions of this Order are without prejudice to the right of either party or other person to seek other or additional protection from the Court for any documents or information believed to not be adequately protected by the provisions of this Order.

11.     **Final Disposition.** Within 90 calendar days after final judgment in this action, including the exhaustion of all appeals, or within 90 calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Order shall be under an obligation to destroy or return to the producing party all materials and documents designated as confidential and to certify to the producing party by affidavit or declaration the destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, including but not limited to abstracts or summaries of confidential information, provided that the materials are maintained and protected in accordance with the terms of this Order.

12.     **Sunset Provision.** This order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts and copies of same, or shall certify the destruction thereof. Counsel for the parties shall be permitted to retain confidential information in their files, subject to the terms of this Order.

IT IS SO ORDERED this *16th* day of *September*, 2020.

*D.P. Marshall Jr.*
HON. D.P. MARSHALL, JR.
UNITED STATES DISTRICT JUDGE

STIPULATED TO BY:

| | |
|---|---|
| /s/ Austin Porter<br>Austin Porter Jr. (86145)<br>Porter Law Firm<br>The Tower Building<br>323 Center Street, Ste. 1035<br>Little Rock, AR 72201<br>Telephone: 501.244.8200<br>Fax: 501.372.5567<br>Aporte5640@aol.com<br><br>Attorney for Plaintiff | /s/ Eva C. Madison<br>Eva C. Madison (98183)<br>Maggie H. Benson (2015077)<br>Littler Mendelson, P.C.<br>217 E. Dickson Street, Suite 204<br>Fayetteville, Arkansas 72701<br>Telephone: 479.582.6100<br>Fax: 479.582.6111<br>emadison@littler.com<br>mbenson@littler.com<br><br>Attorneys for Defendant |