IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER CROSS                                          PLAINTIFF

v.                              No. 3:19-cv-7-DPM

UNITED PARCEL SERVICE, INC.                        DEFENDANT

## ORDER

UPS fired Christopher Cross, a black man, from his dream job as a package car driver over an incident involving a customer's mailbox. Cross sues, alleging that UPS made a mistake about what happened with the mailbox and that UPS didn't fire white drivers involved in similar circumstances.

Cross started at UPS as a part-time loader and unloader at UPS's Blytheville facility. After approximately five years, he had worked his way up to be a full-time package driver. He didn't have much seniority, so he frequently drove other driver's package cars, covering their routes. On 6 September 2016, Cross filled in for Jordan Warren; he drove Warren's package car and covered Warren's regular route. Around 8 p.m., Cross made his last stop of the day and delivered a package in Osceola to Mrs. Darlene Rodgers, an elderly woman. As he was pulling out of Rodgers's driveway, Cross saw her trying to flag him down. He pulled over, stopped the package car, and got out to ask what was wrong. Rodgers told Cross that she thought he hit her

mailbox. Cross denied doing so, but to be sure, he used his phone's flashlight to inspect the mailbox and package car for damage. He found none. Before leaving, Cross assured Rodgers that he would return over the weekend to inspect her mailbox again for damage. When Cross returned to the Blytheville facility that evening, he left without inspecting Warren's package car. By that time, it was late, the fuelers were waiting on him, and his wife, who had been experiencing serious health problems, was expecting him home.

The next day, Rodgers filed a police report about the incident in case Cross didn't follow through with his promise to return. That weekend, Cross's wife suffered from health complications that prevented him from returning to Rodgers's home to inspect the mailbox. When she hadn't heard from Cross in nearly a week, Rodgers called UPS and filed a complaint about the incident. That same day, Cross's supervisor, David Bunch, and Cross's manager, Karl Bogart, were notified about Rodgers's complaint and immediately investigated. Bunch and Bogart visited Rodgers at her home, where they interviewed her about the incident and examined the mailbox, which they noted was slightly crooked and wobbly.

The two then returned to the Blytheville facility where Jordan Warren—who had driven the package car daily during the six days since the alleged mailbox incident—had brought the package car for them to inspect. Their inspection revealed scratches on the passenger

side of the package car as well as some red paint on the bumper. Bunch and Bogart reviewed the package car's movement on the day of the incident using UPS's Telematics GPS system and concluded that the data corroborated Rodgers's story. Bunch then drove to Cross's location and had a replacement driver cover the remainder of his route.

The next morning, Cross, along with his union steward Ricky Sims, met with Bunch and Bogart. Bogart asked Cross if he knew anything about hitting a mailbox. Cross said that he did not recall hitting a mailbox. Bogart responded that he was not going to argue with Cross and fired him for dishonesty and failure to report an accident.

After Cross was fired, Bunch had Warren bring the package car back to Rodgers's house. They parked the package car in the driveway, consistent with Rodgers's version of the events, and confirmed that the scratches on the package car aligned with the nails on the mailbox. They also found that the mailbox's paint matched the chips embedded in the package car.

Many of the material facts are undisputed. Nevertheless, where there is some genuine dispute, the Court views the record in the light most favorable to Cross. *Smith-Bunge v. Wisconsin Central, Ltd.*, 946 F.3d 420, 424 (8th Cir. 2019). Cross's only claim is that he was fired because of his race. UPS maintains that Cross was fired because he failed to report an accident and was dishonest about it. Cross wishes to take his

case to trial. UPS seeks summary judgment and emphasizes the heightened but-for causation standard that applies to Cross's § 1981 claim. *Comcast Corp. v. National Association of African American-Owned Media*, 140 S. Ct. 1009 (2020).

The parties agree; there is no direct evidence of race discrimination in this case, so the Court applies the *McDonnell Douglas* burden-shifting framework. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). UPS argues that Cross hasn't made a *prima facie* case, but Cross's burden is minimal and the Court therefore assumes he has done so. *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir. 2010). UPS offers legitimate, non-discriminatory reasons for firing Cross. The case therefore comes down to pretext. Has Cross presented sufficient evidence such that a reasonable juror could find that UPS's stated reasons for firing him—failure to report an accident and dishonesty—were merely pretext for discrimination? *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011).

Cross sincerely believes he did not hit the mailbox, and strongly disagrees with UPS's decision to fire him. His belief and disagreement, though, are not determinative. While he could create a jury issue on pretext with evidence that UPS did not really believe he broke the rules, or with evidence that the company's reasons were implausible, Cross has not done so. *McCullough v. University of Arkansas for Medical Sciences*, 559 F.3d 855, 862 (8th Cir. 2009). The record contains no

evidence that UPS did not truly believe he failed to report hitting the mailbox and didn't respond candidly when confronted.  UPS may have been mistaken.  But the company's reasons were plausible, not illusory.  Even assuming UPS was mistaken about the mailbox facts and Cross's response, those mistakes do not show pretext.  *Main v. Ozark Health, Inc.*, 959 F.3d 319, 325 (8th Cir. 2020).

Cross's race discrimination claim fails for a lack of a sufficient comparator.  The test at the pretext stage is rigorous.  Cross must point to someone who dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.  *Johnson v. Securitas Security Services USA, Inc.*, 769 F.3d 605, 613 (2014) (en banc).  Cross's three potential comparators Johnny Evans, Josh Jones, and Michael Cole are white.  None of them, however, are sufficiently aligned with Cross on the facts.

UPS argues that Cross was fired by Bogart, while the comparators were disciplined by Bunch.  The record, however, is mixed.  Bunch was deeply involved in investigating the mailbox incident.  And he said on deposition that this was the first time "he" had fired anyone.  Taking the record in the light most favorable to Cross, the same-supervisor issue is not determinative.

Evans worked for UPS as a full-time package driver at the time Cross alleges he was not fired despite his uncertainty about having an

–5–

accident. After delivering a package, Evans noticed that the customer's mailbox was on the ground in the yard. Unsure if he was responsible, Evans knocked on the customer's door and asked her whether the mailbox was like that before. She was unsure and told Evans she would call her husband to find out. Evans immediately reported the potential accident to Bunch. The customer called later and confirmed that the mailbox was already on the ground when Evans delivered the package.

While Evans held the same position as Cross, their incidents differ. Evan's customer didn't complain of property damage; he immediately reported the potential accident to Bunch; and the customer later confirmed that Evans didn't hit the mailbox. On the other hand, Rodgers complained to both Cross and UPS that Cross damaged her mailbox; Cross did not report a potential accident to Bunch; and UPS's investigation concluded that Cross hit the mailbox.

Jones worked for UPS as a part-time loader. Cross points out that UPS did not fire him after he had an accident driving on I-240 in Memphis and lied about the cause of the accident. Jones, however, fails as a comparator because it is undisputed that Jones did not hold the same position as Cross at the time of his accident. Plus, unlike Cross, Jones immediately reported his accident to Bunch.

Cole was a part-time pre-loader. He comes the closest being an adequate comparator. Cross argues that UPS did not fire Cole after he had an accident and left work without reporting it. While Cole was

-6-

backing up a truck in the facility, he heard something pop. He investigated and realized he had damaged the truck's door handle. He didn't report the damage because the truck was old and junky. The non-report was much like Cross's. But Cole was a new employee, not a veteran like Cross. More importantly, Cole was a part-time pre-loader while Cross was a full-time driver. Last, when Bunch asked Cole about the damage, Cole immediately acknowledged it and admitted it was likely his doing.

There is no genuine issue for trial on discrimination. UPS is entitled to judgment as a matter of law. *Bedford v. Doe*, 880 F.3d 993, 997 (8th Cir. 2018).

* * *

Motion for summary judgment, *Doc. 34*, granted. Motion for sanctions, *Doc. 37*, denied as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

9 November 2021